IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **MARYLAND ELECTRICAL INDUSTRY HEALTH FUND,** *et al.* | * | |
| Plaintiffs | * | |
| v. | * | CIVIL NO. JKB-15-151 |
| **VALLEY SUN INDUSTRIAL GROUP, INC.,** | * | |
| | * | |
| Defendant | | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### MEMORANDUM AND ORDER

On July 24, 2015, the Court noted that Defendant had not yet filed any response to the Complaint, and ordered that Plaintiffs file "a motion for entry of default by the Clerk and a motion for default judgment, or provide a report as to why such motions would be inappropriate, within 30 days." (ECF No. 7.) Plaintiffs now contend that Defendant has 60 days to file a responsive pleading pursuant to Maryland Rule of Civil Procedure 2-321(b)(3), and thus that Defendant's response is not due until August 24, 2015. (ECF No. 8.) Plaintiffs request that the Court extend their deadline to file motions for entry of default and for default judgment until September 7, 2015 so that Defendant may file a responsive pleading according to Maryland's rules. (*Id.*)

Defendant was served according to Maryland's rules for serving a summons, as allowed by Federal Rule of Civil Procedure 4(e)(1).[1] Plaintiffs appear to argue that—where service of summons is effected according to Rule 4(e)(1)—state law, rather than Federal Rule 12(a),

---

[1] Rule 4(e)(1) states that "an individual . . . may be served in a judicial district of the United States by following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."

governs a defendant's time to file a responsive pleading. Plaintiffs do not cite to any caselaw or other legal authority to support this proposition, and the Court now holds that Plaintiffs' contention is incorrect.

Rule 12(a) governs a defendant's time to file an answer "[u]nless another time is specified by this rule or a *federal* statute . . . ." Fed. R. Civ. P. 12(a)(1) (emphasis added). Indeed, Rule 12(a) is controlling "even if, as permitted by Federal Rule of Civil Procedure 4(e), the defendant is served pursuant to a state law method of service and the state law provides a longer time in which to answer." *Beller & Keller v. Tyler*, 120 F.3d 21, 25-26 (2d Cir. 1997); *see also Jane Doe No. 5 v. Epstein*, No. 08-80381-CIV., 2008 WL 2782726, at *3 (S.D. Fla. July 16, 2008) ("While Rule 4(e)(1) allows Plaintiff to serve process on Defendant in the method permitted by [state law], Rule 4(e)(1) does not alter the [twenty-one] day period specified by Rule 12(a)."); *Hartford Cas. Ins. Co. v. Malavos*, No. 1:04-CV-6016 OWW LJO, 2005 WL 1836916, at *4 (E.D. Cal. Aug. 3, 2005) (applying the rule articulated in *Beller*).

Thus, Maryland Rule 2-321(b)(3) does not control Defendant's time to file a responsive pleading. Instead, Defendant was required to serve a responsive pleading "within 21 days after being served with the summons and complaint." Fed. R. Civ. P. 12(a)(1)(A)(i).

Accordingly, Plaintiffs' request for an extended deadline to file motions for entry of default and for default judgment (ECF No. 8) is DENIED.

DATED this 3rd day of August, 2015.

BY THE COURT:

/s/
James K. Bredar
United States District Judge